IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    ) Case No. 08 B 29442
KEVIN K. ANTHONY                    ) Hon.  JACK B. SCHMETTERER
                                    ) Chapter 7
                 Debtor             )

TRUSTEE'S FINAL REPORT

To:  The Honorable JACK B. SCHMETTERER, Bankruptcy Judge.

NOW COMES ALLAN J. DeMARS, Trustee in Bankruptcy herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. Sec. 704(9).

1. The voluntary petition commencing this case was filed on October 30, 2008 and Allan J. DeMars was appointed Trustee. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code.  All assets of the estate have either been converted to cash, disposed of under orders of this Court or are sought to be abandoned by the Trustee.  There is no other property belonging to the estate, there are no matters pending or undetermined, claims have been reviewed and all claim objections have been resolved to the best of the Trustee's knowledge.  The Trustee certifies that this estate is ready to be closed.  The tasks performed by the Trustee are set forth on Exhibit "A".

3. The disposition of estate property is set forth in Exhibit "B".

4. A summary of the trustee's final account as of March 23, 2009, is as follows:

    A. Receipts                                 $16,308.94
       (see Exhibit "C")
    B. Disbursements                       $ 1,422.31
       (see Exhibit "C")
    C. Net cash available for distribution    $14,886.63
    D. Administrative expenses:
       1. Trustee compensation requested     $ 2,240.89
          (see Exhibit "E")
       2. Trustee expenses                  $     6.80
          (see Exhibit "E")

5. The Bar Date for filing unsecured claims expired on March 19, 2009. The bar date for filing claims by taxing authorities was March 19, 2009.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee and a report is attached as Exhibit "D". The actual dollar amount of claims allowed and/or requested for this estate is as follows:

     A. Allowed unpaid secured claims        $
     B. Chapter 7 administrative claims and
        28 U.S.C. Sec. 1930 claims           $
     C. Allowed Chapter 11 administrative claims$
     D. Allowed priority claims              $  7,075.23
     E. Allowed unsecured claims             $ 42,736.61
     F. Late claims                          $
     G. Penalty                              $  4,079.70
     H. Interest on claims                   $
     I. Surplus to debtor                    $

7. The Trustee proposes that priority creditors receive a 100% dividend on their claims and general unsecured creditors receive a dividend on their allowed claims in the amount of 13.0186%.

8. No prior compensation has been awarded in this case. Trustee's fees and expenses requested but not yet allowed are

$2,247.69.

    9.   A fee of $2,301.00 was paid to the attorney for the debtor for services rendered in connection with this case and no basis appears to request an examination of those fees pursuant to 11 U.S.C. Sec. 329.

    WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. Sec. 330(a), 502(b) and 503(b).  The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this report and for such other relief as the Court shall deem proper.

Dated: <u>March 23, 2009</u>

    <u>/s/ Allan J. DeMars</u>
Allan J. DeMars, Trustee
100 W. Monroe, Suite 910
Chicago, IL 60603
(312) 726-3377
ARDC# 0611069